## Wytheville.

M. MAE ROWND v. T. P. BELL.

June 18, 1931.

Present, Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Mears & Mears,* for the plaintiff in error.

*Dunton J. Fatherly,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This is an action brought by T. P. Bell for the value of 3,008 barrels delivered to a tenant of the defendant, M. Mae Rownd. The trial resulted in a verdict and judgment in favor of the plaintiff. There are a number of errors assigned, but in our view of the case it is only necessary to consider the action of the court in refusing to set the verdict aside on the ground that there was no evidence to support it.

M. Mae Rownd, the defendant, by the will of John H. Saunders, who died December 1, 1927, was given a life interest in a farm situated near Machipongo, Northampton county. S. E. Sturgis had rented this farm from year to year for several years prior to the death of Saunders, paying to him each year one-third of the crops raised. Saunders furnished, or assumed liability for, supplies of fertilizer, seed potatoes, crates and barrels, and made limited advances in cash to the tenant from year to year.

Beginning in 1924, Bell had furnished barrels and crates for the use of the tenant on the sole responsibility of Saunders to pay therefor under a contract with him which had continued from year to year. After the death of Saunders, Miss Rownd retained Sturgis as her tenant on the farm for the year 1928 under the usual contract of rental, *i. e.,* a one-third share of the crop.

The plaintiff states that early in 1928 Miss Rownd sent for him and he talked with her about fertilizer, the number of potatoes to plant, and other matters pertaining to the farm; that in this conversation she told him she expected to follow the policy and scheme that Mr. Saunders had in dealing with Mr. Sturgis; that subsequently she bought the fertilizer and seed potatoes and made Sturgis a cash advance of some $400.00; that on Sturgis' order, without any contract with

Miss Rownd, or even mentioning the matter to her, he delivered to Sturgis, on Miss Rownd's farm, 3,008 barrels and charged them to Miss Rownd, and that sometime in the late summer or early fall a statement of the account was sent to her that the barrel account has not been paid.

It is upon this statement of facts that the plaintiff claims the defendant is responsible to him for the purchase price of the barrels.

The plaintiff contends that Miss Rownd, by words and contract, expressly or impliedly, adopted the contract of Saunders with him as her own for the year 1928. The conduct which he relies upon to show that she adopted this contract is her acts in purchasing fertilizer and seed and furnishing $400.00 in cash to Sturgis. Each time, however, that she made these purchases the parties furnishing the fertilizer and the seed saw her and made specific arrangements with her before the articles were supplied. The express words relied upon are:

"Q. Did she or did she not tell you that she was going to follow the policy and scheme that Mr. Saunders had been accustomed to doing?

"A. She did by agreement between them; yes, sir. * * * But she finally said to me that she was going to do as Mr. Saunders had told her to do; that was to supply Elmer Sturgis and Albert Saunders just as he had done.

"Q. Did or did she not state to you that she was going to handle the farm just as Mr. Saunders did?

"A. I see what you mean now. She wanted things to go just like they had always been going.

"Q. She said that to you?

"A. Yes, sir."

These loose expressions are not sufficient to show that the defendant ever intended to become liable for whatever the tenant might order. If the plaintiff was not satisfied with the financial responsibility of the tenant, before delivering the barrels he should have made arrangements with the landlord.

This he failed to do. It is not sufficient that he understood that Miss Rownd had the same rental contract with her tenant that her predecessor, Saunders, had. To this contract he was a stranger, neither bearing any of its burdens nor participating in any of its gains. The fact that he had delivered barrels to Saunders' tenant from year to year, on Saunders' credit, gave him no right to continue such delivery to Miss Rownd's tenant, on her credit, with no authority from her so to do. He does not claim to have sold the barrels to Miss Rownd, or even to have discussed the subject with her. He only claims that he delivered them to the tenant on the credit of Miss Rownd, and he fails to show that she ever, either directly or indirectly, authorized her credit to be so used. The burden was on the plaintiff to show a contract with Miss Rownd, either express or implied, to purchase the barrels from him, and this he has totally failed to do.

The verdict and judgment must be set aside and the case reversed, and this court proceeding to enter such order as the trial court should have entered, the case is dismissed.

*Reversed and dismissed.*